UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BITTERROOT HOLDINGS, LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Case No. 5:14-804 <br> ) |
| BANK OF NEW YORK MELLON, | ) <br> ) |
| Defendant. | ) <br> ) |

## MEMORANDUM OPINION

Bitterroot Holdings, LLC and the Bank of New York Mellon dispute who owns real property located at 11 Champions Way, San Antonio, Texas. In 2014, Bitterroot (who purchased the property at a foreclosure sale and subsequently leased it) sought to enjoin the bank (who holds a superior lien) from foreclosing on the property. The bank counterclaimed seeking judicial foreclosure and quiet title. Motions practice distilled that dispute to two fact questions, which head to mediation on March 1, 2019 and—if mediation fails—trial on March 25, 2019.

Yet on October 4, 2016—while this litigation remained pending—the bank nonjudically foreclosed on the property and tried to evict Bitterroot's tenant. After the bank successfully sued the tenant in Bexar County justice court, Bitterroot went to state trial court to avoid the foreclosure and to seek damages for the bank's interference with the contract between Bitterroot and its tenant (who demanded lower rent because of the eviction threat). The bank removed and consolidated that case herein, and asks the Court to dismiss it as an attempt to flout this original case's amended pleading deadline. The bank also asks the Court to hold in escrow the rent Bitterroot continues to collect despite the bank's foreclosure.

The Court will deny the former but grant the latter. The bank's request for dismissal fails because Bitterroot's second complaint appropriately responds to the bank's conduct after the amendment deadline. But the bank's motion to compel Bitterroot's transfer of the post-foreclosure rent to the Court's registry succeeds because it avoids Bitterroot's potential unjust enrichment.

## I. The Court will deny the bank's motion to dismiss Bitterroot's second complaint as an end-run around the Court's amended pleading deadline since the new claim could not have been raised in the original case and since it concerns different facts.

The Court will not dismiss Bitterroot's second complaint as untimely because it raises a claim that ripened after this case's amended-pleading deadline. After removing and properly consolidating Bitterroot's new claim under Rule 42(a), the bank recasts it as a dry legal question Bitterroot failed to timely raise in this case. But that straw-man collapses for two reasons.

First, Bitterroot could not have timely raised the new claim under the original scheduling order. The Court set an April 1, 2015 deadline for new claims. Yet Bitterroot's new claim concerns the bank's conduct from October 2016—a year-and-a-half after the deadline. Simply put, Bitterroot could not have sought damages in April 2015 for conduct that wouldn't occur for another eighteen months. And nor can the bank invoke the original scheduling order to dodge liability for later actions against Bitterroot.

Second, the new claim asks different legal and factual questions. To be sure, the cases share the same parties and property. But Bitterroot's original suit questioned the validity of the bank's lien after its alleged 2009 acceleration; Bitterroot's new claim challenges the validity of the bank's 2016 nonjudicial foreclosure. The original suit concerned facts spanning 2008 to

2

2013; the new claim deals with the bank's actions from 2014 to 2016. The two differ legally and factually.

Of course, the Court expresses no view on the merits of Bitterroot's challenge to the bank's nonjudicial foreclosure. The Court finds only that Bitterroot challenges it at the proper time and through the proper mechanism. So the Court will deny the bank's motion to dismiss.

## II. The Court will grant the bank's motion to compel Bitterroot's transfer of the post-foreclosure rent into the Court's registry to avoid potential unjust enrichment.

Ever since the bank's disputed nonjudicial foreclosure deepened confusion over the property's ownership, the bank pays taxes and insures the land while Bitterroot collects rent from the property's tenant. The bank wants the Court to hold this post-foreclosure rent in escrow until the Court determines the validity of the disputed foreclosure. Bitterroot argues the Court need not hold the rent in escrow since the bank's original counterclaim did not ask for lost rent, precluding the bank from ever recovering lost rent.

But that's not quite right. For one, the bank's original counterclaim sought "recovery" for its "actual damages," and it also requested "such other and further relief, at law or in equity, to which it may be justly entitled." ECF No 1-4 at 20. And Bitterroot's argument fails more fundamentally since the bank's motion does not concern the bank's original counterclaim for judicial foreclosure; it relates to Bitterroot's subsequent claim challenging the bank's nonjudicial foreclosure. If that challenge fails, the bank could recover the lost rent, in which case Bitterroot would have unjustly enriched itself by earning a profit on the rent while besieging the bank. Indeed, allowing Bitterroot to hold the post-foreclosure rent while its challenge continues perversely incentivizes Bitterroot to delay final disposition for as long as possible: If Bitterroot ultimately prevails, it keeps everything. If Bitterroot ultimately loses, it still pockets any profit.

In either event, Bitterroot's heel-dragging stiffs the bank with a higher insurance and tax bill, unilaterally ratcheting up any settlement pressure.

To avoid this disincentive and to prevent unjust enrichment, the Court will grant the bank's motion and hold any post-foreclosure rent in escrow.

\* \* \*

The Court will grant the bank's motion [127] to compel Bitterroot to deposit rent collected from the property after October 4, 2016 into the Court's register. But the Court will deny the bank's attempt to dismiss Bitterroot's second lawsuit, styled as a motion [129] to strike the second complaint, as well as its related motion [130] to expedite. An accompanying order follows.

Date: February 28, 2019

Royce C. Lamberth
United States District Judge